UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

CRIMINAL ACTION

VERSUS

17-161-SDD-EWD

KENDRICK HARDNETT

## RULING

Before the Court is the *Motion for Hearing to Establish Breach and to Authenticate Plea Agreement, and for Pretrial Ruling on Admissibility of Plea Agreement*[1] filed by the Government. A hearing on this motion was held on March 21, 2019. For the reasons that follow, the Court finds that the *Motion* should be denied.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

On September 3, 2017, a confidential informant told Baton Rouge Police Detective Jeremiah Ardoin that the Defendant herein, Kendrick Hardnett, was selling marijuana out of his home.[2] BRPD then used the informant to "perform a controlled buy of marijuana from the defendant"[3] on September 5th. That same day, BRPD applied for a search warrant for Hardnett's residence and vehicles found at the residence. The execution of that warrant, along with a contemporaneous traffic stop of Hardnett's vehicle, led to the instant charges against Hardnett.

---

[1] Rec. Doc. No. 75.
[2] Rec. Doc. No. 82, p. 1.
[3] Rec. Doc. No. 82, p. 2.

51650

On December 21, 2017, Hardnett was indicted on four counts: Count One, Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. 922 (g)(1); Count Two, Possession with the Intent to Distribute Marijuana and Twenty-Eight or More Grams of Crack Cocaine in violation of 21 U.S.C. 841(a)(1); Count Three, Possession of Heroin, Oxycodone, and Tramadol in violation of 21 U.S.C. 844(a); and Count Four, Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. 924(c)(1)(A)(i).[4] Count Three was subsequently dismissed pursuant to a *Motion*[5] by the Government. On March 23, 2018, Hardnett entered into a plea agreement with the United States agreeing to plead guilty to Counts Two and Four of the Indictment.[6]

At Hardnett's first re-arraignment on April 19, 2018, Hardnett's then-counsel notified the Court that Hardnett did not wish to go forward with a plea and seeks trial by jury. Thereafter, Hardnett notified the Government of his intent to plead as charged, but again declined to plea at the following re-arraignment. This second re-arraignment was continued to December 18, 2019, wherein Hardnett pleaded not guilty to all counts.

The Government now brings the instant *Motion*[7] to authenticate and establish breach of the plea agreement stemming from Hardnett's refusal to plead at his April 19, 2018 re-arraignment. A hearing on this motion was held on March 7, 2019. For the following reasons, the Court finds that the plea agreement is deficient, and the Government's *Motion* is denied.

---

[4] Rec. Doc. No. 2.
[5] Rec. Doc. No. 33; Rec. Doc. No. 40.
[6] Rec. Doc. No. 66-2.
[7] Rec. Doc. No. 66.

51650

## II. LAW AND ANALYSIS

Statements made by a Defendant during plea discussions are ordinarily protected from evidentiary use by Rule 410(a) of the Federal Rules of Evidence and by Rule 11(f) of the Federal Rules of Criminal Procedure. However, "[a] criminal defendant may waive the protections of Rule 410(a) and 11(f), so long as the waiver is explicit, knowing, and voluntary, for the purpose of impeachment, and for admission in the government's case-in-chief."[8]

In the instant motion, the Government argues that the waivers in the plea agreement were entered into knowingly and voluntarily by Hardnett. Because Hardnett did not plead pursuant to the allegedly valid plea agreement, the Government contends that Hardnett breached the plea agreement, which allows the Government to use the factual basis in their case-in-chief at trial. At the hearing, counsel for Hardnett introduced evidence demonstrating Hardnett's lack of understanding of the plea agreement and its waivers.

At the hearing on this motion, the Government met its burden of establishing that the terms of the plea agreement result in a waiver of Hardnett's rights under Rule 410 and 11. The plea agreement was authenticated, and the signatures were verified by Hardnett's former counsel. Section E of the plea agreement listed conduct which would result in a breach of the plea agreement including, *inter alia*, failing to plead to Counts

---

[8] *United States v. Zalaya-Funez*, 2018 WL 1920170 (M.D. La. 2018) (citing *United States v. Escobedo*, 757 F.3d 229, 233 (5th Cir. 2014).

Two and Four or representing that he will not plead to Counts Two and Four.[9] In the event of a breach, the plea agreement provides:

> … any statements and information provided by the defendant pursuant to this agreement (or the supplement to the plea agreement) or otherwise … may be used against the defendant in this or any other prosecution or proceeding without limitation. Such statements and information include, but are not limited to, the plea agreement itself (including the factual basis contained in Section D) ….[10]

The plea agreement also provided that the defendant "expressly and voluntarily waives the protection afforded by Fed. R. Evid. 410 as to any statements made by him personally."[11]

The Court finds that the plea agreement unambiguously set forth a waiver of Hardnett's rights under rule 410 and 11. The section clearly indicates that in the event of a breach, the plea agreement, the factual basis, the supplement, and any other information or statements, including those protected by Rule 11 and Rule 410, may be used against Hardnett. In *United States v. Zalaya-Funez,* this Court recently found this exact language to provide "clear and unambiguous proof that Defendant waived his rights under Rules 410 and 11(f) …"[12]

Having established the waiver of Hardnett's rights under Rule 11 and Rule 410, the burden shifts to the Defendant to demonstrate that he did not enter into the plea

---

[9] Rec. Doc. No. 66-2, p. 7.
[10] *Id.* at 8.
[11] *Id.*
[12] *United States v. Zalaya-Funez*, 2018 WL 1920170 (M.D. La. 2018) (Hon. Brian A. Jackson).

51650

Page 4 of 7

agreement knowingly and voluntarily.[13] The Supreme Court in *U.S. v. Mezzanatto* held that, "absent some affirmative indication that the agreement was entered into unknowingly or involuntarily, an agreement to waive the exclusionary provisions of the plea-statement Rules is valid and enforceable."[14] In *Mezzanatto*, the defendant "never complained that he entered into the waiver agreement at issue unknowingly or involuntarily," and the Court upheld the waiver of the plea-statement Rules on that basis.[15] Here, counsel for Hardnett demonstrated affirmative indications that Hardnett did not enter in to the plea agreement knowingly, thus invalidating the waivers contained in the plea agreement. In a phone call between Hardnett and his mother made the day after Hardnett signed the plea agreement, Hardnett stated that he did not understand the plea agreement and wanted another opportunity to read the agreement to understand it better. Hardnett also asked his mother to write a letter to his then-attorney advising that he did not fully understand the plea agreement.[16] Hardnett's mother testified that the day after Hardnett signed the plea agreement, he was upset, crying, and confused. Admittedly, Hardnett's mother was not present at any of the plea negotiations but spoke with him the day after signing the agreement.

Additionally, on April 19, 2018, the same day that Hardnett failed to enter a plea at his first re-arraignment and the date of the alleged breach, Hardnett wrote a letter to the

---

[13] *Id.* (citing *United States v. Mezzanatto*, 513 U.S. 196, 201 (1995). Although it appears that other circuits are split on who bears the burden of proving knowingness and voluntariness, the Middle District of Louisiana has recently determined that "the weight of authorities, including the guidance set forth by the Fifth Circuit, supports the proposition that the burden of proof to establish that the agreement was not entered into knowingly or voluntarily rests squarely with Defendant." *Id.*
[14] *United States v. Mezzanatto*, 513 U.S. 196, 210, 115 S. Ct. 797, 806, 130 L. Ed. 2d 697 (1995).
[15] *Id.*
[16] Defendant's Exhibit 2 "Def_2_942.mp3".

51650

Court[17] expressing his concerns with his understanding of the plea agreement. In the letter, Hardnett states that he "didn't fully understand the implications of waivers involved …"[18] Further, Hardnett explains that "I was told by my lawyer if I don't sign [the plea agreement] I will get 360 months to life, and he didn't let me read it myself when I signed it and I was crying (not in my right mind.) I didn't read it until his co-worker came here a week later and really couldn't understand it then."[19]

Considering Hardnett's confusion and failure to plead at multiple re-arraignments, the near-contemporaneous letter expressing confusion and misunderstanding following re-arraignment, and the phone call between Hardnett and his mother wherein he expressed confusion and a lack of understanding of the plea agreement and waivers, the Court finds that Hardnett did not knowingly or voluntarily waive his rights under Rule 410 and Rule 11 under the circumstances of this case.

---

[17] Rec. Doc. No. 90, p. 2 (April 19, 2018 Letter from Kendrick Hardnett).
[18] *Id.*
[19] *Id.*

### III. CONCLUSION

For the reasons stated above, the Defendant's *Motion for Hearing to Establish Breach and to Authenticate Plea Agreement, and for Pretrial Ruling on Admissibility of Plea Agreement*[20] is hereby GRANTED in part and DENIED in part. The Motion is granted as to the Government's request for a hearing; the motion is denied in all other respects. The plea agreement will not be admissible at the trial of this matter.

**IT IS SO ORDERED**.

Signed in Baton Rouge, Louisiana on May 20, 2019.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[20] Rec. Doc. No. 66.

51650