## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                     CRIMINAL ACTION

VERSUS                                                 17-161-SDD-EWD

KENDRICK HARDNETT

### RULING

This matter is before the Court on the *Motions to Vacate under 28 U.S.C. 2255*[1] filed by Defendant, Kendrick Hardnett ("Hardnett or Defendant"). The Government has opposed these motions,[2] and Defendant has filed *Replies*.[3]  For the reasons below, Defendant's *Motions* shall be denied.

## I.      BACKGROUND

### A.  Indictment/Superseding Bill of Information

On December 21, 2017, a Grand Jury charged Hardnett with four felony counts under federal law:[4] (1) Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1);[5] (2) Possession with Intent to Distribute Marijuana and 28 or More

---

[1] Rec. Docs. 130, 171 (entitled *Motion to Dismiss Superseding Bill of Information for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Crim. Proc. 12(b)(2) and Supplemental Reply to 28 USC 2255 Motion to Vacate, Set Aside or Correct Sentence*), & 189.  Although untimely, the Court will treat Rec. Docs. 169 & 171 as supplemental Sec. 2255 motions. Additionally, to the extent Hardnett contends Rec. Doc. 171 should be analyzed under Fed. R. Crim. P. 12(b)(2), the Court declines to do so. The Court treats Hardnett's *Motion to Dismiss* as a supplemental Sec. 2255 motion because Hardnett's case is no longer "pending."
[2] Rec. Docs. 155, 178, 185, & 190.
[3] Rec. Docs. 169 & 179.
[4] Rec. Doc. 1.
[5] *Id*. at p. 1.

Grams of Crack Cocaine;[6] (3) Possession of Heroin, Oxycodone, and Tramadol;[7] and (4) Possession of a Firearm in Furtherance of a Drug Trafficking Crime.[8] The Court issued a warrant on December 27, 2017, and Hardnett was arrested on January 5, 2018.[9] Subsequent to Hardnett's arrest, the United States Attorney's office and Hardnett's attorney negotiated a Plea Agreement.[10] As a result of the plea negotiations, the United States Attorney filed a *Superseding Bill of Information* charging Hardnett with Counts 1 and 2 of the original *Indictment* and dropping Counts 3 and 4.[11] Hardnett waived his right to have the charges in the *Superseding Bill of Information* presented to a Grand Jury.[12] The United States also moved to dismiss its previously filed Information and Notice of Sentencing Enhancement.[13]

### B.  Plea Agreement

Hardnett pled guilty to Counts 1 and 2, as charged in the *Superseding Bill of Information*, and entered into a Plea Agreement to that effect on June 17, 2019.[14] The Plea Agreement specifies that the maximum possible penalties for these charges are imprisonment of 10 years, a fine of up to $250,000, or both, and a term of supervised release of up to three years for Count 1, and a term of imprisonment of 40 years, a fine of up to $5 million, or both, and a term of supervised release of up to life.[15] In addition,

---

[6] *Id.* at p. 2.
[7] *Id.*
[8] *Id.*
[9] Rec. Doc. 5.
[10] Rec. Doc. 109.
[11] Rec. Doc. 102. (Counts 1 and 2 were renamed Counts 1s and 2s as part of the *Superseding Bill of Information*).
[12] Rec. Doc. 103.
[13] Rec. Doc. 107. (*See* Rec. Doc. 49 for the Information and Notice of Sentencing Enhancement; Rec. Doc. 114 for the order granting the motion filed in Rec. Doc. 107).
[14] Rec. Doc. 109.
[15] *Id.* at p. 2.

the Plea Agreement specified that Count 2 carries a minimum term of imprisonment of five years and a minimum term of supervised release of four years.[16] The Plea Agreement provides that the Government and Hardnett agreed that a sentence of 111 months would be appropriate for *each* count, and that the imprisonment terms for both counts should run concurrently.[17] The Plea Agreement does not stipulate a term of supervised release and "makes no promises, representations, or agreements regarding sentencing."[18] Further, as part of the Plea Agreement, Hardnett expressly waived the following: (1) the right to trial;[19] (2) the "right to appeal his conviction and sentence" and to "challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under 28 U.S.C. § 2241, 28 U.S.C § 2255, or 18 U.S.C. § 3582(c)(2);"[20] (3) all defenses based on the statutes of limitation that apply to the Counts charged in the *Indictment* and *Superseding Bill of Information*, "as long as such offenses are not time-barred on the effective date of [the plea] agreement;"[21] and (4) "any common law, equitable, or constitutional claim regarding post-indictment delay as to the offenses charged in the *Indictment* and *Superseding Bill of Information*."[22]

Notwithstanding these waivers, the Plea Agreement reserves to Hardnett the right to appeal: (1) any sentence exceeding the statutory maximum; (2) "any sentence that is an upward departure pursuant to the Sentencing Guidelines;" and (3) "any non-Guidelines sentence or 'variance' which is above the guidelines range calculated by the Court."[23]

---

[16] *Id.*
[17] *Id.* at pp. 3–4.
[18] *Id.*
[19] *Id.* at p. 10.
[20] *Id.*
[21] *Id.* at p. 11.
[22] *Id.*
[23] *Id.* at pp. 10–11.

The Plea Agreement also allows Hardnett to assert "any claim of ineffectiveness of counsel."[24]

On September 26, 2019, this Court signed the *Judgment* confirming the Plea Agreement, including the 111-month stipulated term of imprisonment, and dismissed the *Indictment*.[25] The *Judgment* also includes a sentence of three years of supervised release for Count 1 and four years of supervised release for Count 2, to run concurrently upon Hardnett's release from prison.[26]

### C. Appeal and *Pro Se* Collateral Attack

On March 18, 2020, Hardnett filed a form *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence* by a Person in Federal Custody.[27] In this *Motion*, Hardnett argued that his sentence should be vacated and he should be released on the following four grounds: (1) "Ineffective or Deficient representation of defense counsel" (alleging counsel "failed to properly challenge the PSR where clear evidence of gross miscalculation of drug quantities are evident");[28] (2) Constitutional Rights violations (alleging denial of rights guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments);[29] (3) Illegal sentence in excess of guidelines and 18 U.S.C. § 3553 (alleging he was "subjected to incorrect drug quantities which were used to enhance the calculation of his sentence.");[30] and (4) Illegal and/or improper calculations and

---

[24] *Id.* at p. 11.
[25] Rec. Doc. 124.
[26] *Id.* at p. 3.
[27] Rec. Doc. 130.
[28] *Id.* at p. 4.
[29] *Id.* at p. 5.
[30] *Id.* at p. 6.

enhancements (alleging "improper calculations [and/or] enhancements of dismissed or previously charged offenses in a manner to increase term of imprisonment.").[31]

Before the Government filed its *Opposition* to Hardnett's § 2255 motion, Hardnett filed a *Motion for Compassionate Release* based on exposure to COVID-19 in prison.[32] The Court denied his request for compassionate release,[33] and he appealed.[34] The Government filed its *Opposition* to Hardnett's § 2255 *Motion* on June 26, 2020.[35] The Fifth Circuit dismissed the appeal at Hardnett's request on July 14, 2020.[36] On October 13, 2020, Hardnett filed a *Response* to the Government's *Opposition* in which he claimed he "did not known he belong to relevant category person that barred from possessing a firearm (*sic*),"[37] citing *Rehaif v. United States* for the proposition that a person that does not know they are in the relevant category of persons does not have the requisite knowledge to be guilty of felony firearm possession.[38] He added this *Rehaif* claim of ineffective counsel, arguing his attorney failed to "investigate[] and follow up to date case law."[39]

The Government filed a *Supplemental Opposition* in response to Hardnett's October 13 *Reply*, in which it noted that Hardnett's *Reply* added eight claims to his original § 2255 *Motion*.[40]

---

[31] *Id.* at p. 8.
[32] Rec. Doc. 136.
[33] Rec. Doc. 148.
[34] Rec. Doc. 151.
[35] Rec. Doc. 155.
[36] Rec. Doc. 160.
[37] Rec. Doc. 169, p. 5.
[38] *See Rehaif v. United States*, 139 S.Ct. 2191 (2019).
[39] Rec. Doc. 169, p. 6.
[40] Rec. Doc. 178, p. 1.

On December 30, 2020, Hardnett filed a *Motion to Dismiss Superseding Bill of Information for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Crim. Proc. 12(b)(2); and Supplemental Reply to 28 USC § 2255 Motion to Vacate, Set Aside, or Correct*,[41] wherein Hardnett argued this Court lacked jurisdiction on the following grounds: (1) the sentence exceeded the statutory maximum for Count 1;[42] (2) the Government filed the charges in the wrong name;[43] (3) the Government violated separation of powers doctrine by serving grand jury subpoenas directly by email and fax, inter alia;[44] (4) the arrest and search warrants did not bear a judge's seal and were not returned;[45] (5) "the Superseding Information did not state that the gun was one with a 'smooth bore' in violation of 26 USC § 5845(e) and Due Process;"[46] and (6) Hardnett was not given "the opportunity to challenge the grand jury venere (sic) and individual grand juror in violation of Fed. R. Crim. Proc. 6(b) and the grand jury selection plan unlawfully [discriminated]."[47] The Government filed a *Supplemental Opposition* on February 26, 2021, to refute the claims raised in Hardnett's December 30, 2020 *Motion*.[48] Thereafter, Hardnett filed a *Reply* asserting defenses and seeking appointment of counsel in response to the Government's *Supplemental Opposition*.[49]

### D.    Counseled Motion

Several months later, Hardnett filed an additional 28 U.S.C. § 2255 *Motion* with the assistance of counsel, asserting that his arrest and conviction were cast in doubt due to

---

[41] Rec. Doc. 171.
[42] Rec. Doc. 171, p. 3.
[43] *Id.*
[44] *Id.*
[45] *Id.* at p. 4.
[46] *Id.*
[47] *Id.*
[48] Rec. Doc. 178.
[49] Rec. Doc. 179.

the December 2020 arrest of Jeremiah Ardoin, the affiant for Hardnett's search warrant, and investigations into the practices of several other narcotics officers for tampering with narcotics investigations.[50] The Government filed an *Opposition* to this *Motion* relying on the validity of the Plea Agreement and challenging the vagueness of the allegations in the counseled *Motion*.[51]

## II.   PARTIES ARGUMENTS

### A.  Hardnett's Position

Hardnett argues generally that he had ineffective assistance of counsel, that his constitutional rights were violated, that his sentence was illegal, that the Court lacked subject matter jurisdiction, and that his plea was not voluntary because there was reason to question the evidence against him. Specifically, he claims his counsel was ineffective for the following reasons:

1. Counsel failed to assure that Hardnett's "Fifth, Sixth, Eighth, and Fourteenth Amendment rights were protected and enforced;"[52]
2. Counsel failed to argue mitigating circumstances on Hardnett's behalf, pursuant to 18 U.S.C. § 3553;[53]
3. Counsel failed to hold the Court to the standards of 18 U.S.C. § 3553;[54]
4. Counsel advised Hardnett to enter a plea bargain for an offense which the attorney did not investigate;[55]
5. Counsel failed to object to the sentence length, which prevented Hardnett from receiving a lower sentence;[56]
6. Counsel did not investigate the Supreme Court ruling in *Rehaif v. United States*, which would have decreased the probability of Hardnett accepting the plea;[57] and

---

[50] Rec. Doc. 189.
[51] Rec. Doc. 190.
[52] Rec. Doc. 130, p. 4.
[53] *Id.*
[54] *Id.*
[55] Rec. Doc. 169, p. 5.
[56] Rec. Doc. 171, p. 3
[57] Rec. Doc. 169, p. 5.

7.  Counsel "refused to take [his] plea back" and avoided attempts to communicate about taking an appeal.[58]

He specifically claims the following violations of his constitutional rights during his criminal prosecution:

1.  Fifth amendment right of due process of law;[59]
2.  Sixth amendment right to effective counsel;[60]
3.  Eighth amendment right against cruel and unusual punishment;[61] and
4.  Fourteenth amendment right to equal protection of the law.[62]

Hardnett specifically claims the following with regards to his sentence being illegal:

1.  The term of imprisonment and supervised release are "greatly in excess of guidelines and 18 U.S.C. § 3553, where movant was subjected to incorrect drug quantities which were used to enhance the calculation of his sentence,"[63] based on his plea of guilty for violation of 18 U.S.C. § 922(g)(1);[64] and
2.  His sentence was improperly enhanced based on dismissed or previously charged offenses;[65]

Hardnett offers the following specific reasons that the Court lacks subject matter jurisdiction:

1.  The sentence exceeded the statutory maximum for Count 1 (violation of 18 U.S.C. § 922(g)(1));[66]
2.  The Government filed the charges under the wrong party name;[67]
3.  The Government "issued Grand Jury subpoenas without the authority of the Grand Jury and served them directly by email and fax in violation of Fed. R. Crim. Proc. 6, separation (sic) of powers, Due Process, and Rule 17(d);"[68]

---

[58] Rec. Doc. 179, pp. 1–2.
[59] Rec. Doc. 130, p. 5.
[60] *Id.*
[61] *Id.*
[62] *Id.* Other than for ineffective assistance of counsel, Hardnett has not alleged any facts to support violations of his constitutional rights. Instead, he alleges he was "clearly subjective (sic) to violations of his Constitutional rights." *Id.*
[63] *Id.* at p. 6.
[64] Rec. Doc. 171, p. 2.
[65] Rec. Doc. 130, p. 8.
[66] Rec. Doc. 171, p. 3.
[67] *Id.* The charges were filed on behalf of the "United States of America" instead of the "United States."
[68] *Id.*

4. There were procedural defects with the arrest and/or search warrants;[69]
5. The "Superseding Information did not state that the gun was one with a 'smooth bore' in violation of 26 USC §5845(e) and Due Process,"[70] which denied him the opportunity to "make out a defense for Double Jeopardy if needed subsequently and violated Due Process;" and
6. Hardnett did not have a chance to "challenge the grand jury venire and individual grand jurors in violation of Fed. R. Crim. Proc. 6(b) and the grand jury selection plan unlawfully excluded women, college students, blacks, Asians, Hispanics and American Indians."[71]

Hardnett disavows that his plea was voluntary for the following reasons:

1. He unwillingly followed advice of counsel to enter the Plea Agreement;[72] and
2. Counsel's failure to follow up- to-date case law (*Rehaif*, which was decided two days after his plea) rendered his plea involuntary;[73]

Hardnett further petitioned for review of his case through counsel after learning that the investigators involved in the narcotics investigation leading to his arrest were later placed under investigation for officer misconduct, including evidence tampering and falsifying information.[74] Through counsel, Hardnett contends this investigation and admissions of racist practices by the narcotics investigation team could have impacted his case, and he speculates that the events leading to the search warrant in this case were "possibly altered so that [the officers] could more easily obtain a search warrant."[75] Hardnett argues this casts doubt on the constitutionality of the search and his arrest.[76]

---

[69] *Id.* at p. 4. Hardnett alleges that the warrants did not contain the issuing judge's official seal and they were not returned "in violation of Fed. R. Crim. Proc. 4(c)(4)(A) and the 4th Amendment Oath and Affirmation Clause."
[70] *Id.*
[71] *Id.*
[72] Rec. Doc. 169, p. 5
[73] *Id.* at p. 6.
[74] Rec. Doc. 189-1, pp. 2–3.
[75] *Id.* at p. 5.
[76] *Id.*

### B. Government's Position

Unsurprisingly, the Government opposes all of Hardnett's arguments. In response to his ineffective assistance of counsel claims, the Government contends Hardnett's claims of enhancements to his sentence are meritless because: "counts to which the defendant does not plead guilty" may be relevant for sentencing,[77] and Hardnett's sentence did not consider enhancements because he agreed to a binding 111-month sentence.[78] The Government also argues the alleged conduct of Hardnett's counsel fails to satisfy the bar for ineffective counsel claims established in *Strickland v. Washington*,[79] under which a defendant must establish that counsel's performance was deficient and the deficient performance prejudiced the defense.[80] Here, Hardnett's counsel performed within the acceptable standard of conduct under Fifth Circuit precedent.[81]

The Government acknowledges that, without Count Four of the original *Indictment*, the guidelines range would have been less than the stipulated sentence; however, the Government contends Hardnett's sentence would likely have been subject to an upward variance due to his "lengthy, violent criminal history."[82] The Government avers that Hardnett's Eighth Amendment claim is "foreclosed by the stipulated sentence and is meritless,"[83] because it is not "grossly disproportionate" to the crime.[84] The Government concludes that "Hardnett, for many reasons, simply has not alleged facts that, if proven, would merit relief."[85] The Government further asserts that, "[r]ather than exposing

---

[77] Rec. Doc. 155, p. 3 (quoting *United States v. Vital*, 68 F.3d 114, 118 (5th Cir. 1995)).
[78] *Id.*
[79] 466 U.S. 668 (1984).
[80] Rec. Doc. 155, pp. 5–6.
[81] *Id.* at pp. 6–7.
[82] *Id.* at p. 9.
[83] *Id.* at p. 4.
[84] *Id.* at p. 12.
[85] *Id.* at p. 9.

constitutionally deficient conduct, the record shows that Hardnett's counsel guarded his constitutional rights."[86]

Next, the Government argues that Hardnett's challenge to the sentence length is not cognizable as a matter of law.[87] The Government also urges the Court that Hardnett's claim is procedurally barred because he did not appeal the Court's denial of his objection to the PSR.[88]  In such a case, the Government contends Hardnett's improper calculation claim may only be raised on a § 2255 motion if "the petitioner can first demonstrate either (1) cause and prejudice, or (2) that he is 'actually innocent' of the crime for which he was convicted," neither of which Hardnett has attempted to show.[89] In response to Hardnett's claim that his term of supervised release was an illegal enhancement of his sentence, the Government points out that the Plea Agreement did not specify a term of supervised release and that his term of supervised release is the statutory *minimum* for his second Count.[90]

Many of the claims in Hardnett's initial *Motion* "do not provide enough factual detail that would allow this Court to determine the merits of the allegations."[91] The form for the § 2255 *Motion* that Hardnett filed specifically instructs the claimant to "not argue or cite law. Just state the specific facts that support your claim."[92] Yet, Hardnett failed to state facts to support many of his claims.[93]

---

[86] Rec. Doc. 178, p. 3.
[87] Rec. Doc. 155, p. 9 (quoting *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996) ("claims that the guidelines were improperly applied are not cognizable under § 2255.")).
[88] *Id.* at p. 11.
[89] *Id.* (quoting *United States v. Sorrells*, 145 F.3d 744, 749 (5th Cir. 1998)).
[90] *Id.* at p. 12.
[91] *Id.* at p. 14.
[92] *See* Rec. Doc. 130, pp. 4, 5, 6, and 8.
[93] Rec. Doc. 155, p. 15.

Turning to Hardnett's new claims based on *Rehaif v. United States*, the Government asserts that "the evidence in the record (showing two felony convictions and … other criminal conduct) … strongly suggests that Hardnett knew he was a felon."[94] In addition, Hardnett's lawyer was not deficient when he failed to predict the outcome of *Rehaif*, and "[a]n attorney is not ineffective for failing to anticipate or advocate for the overruling of a precedent."[95] "[T]he Fifth Circuit had repeatedly rejected the same claim made in *Rehaif* for decades."[96] The Government also contends that Hardnett's lack of knowledge about *Rehaif* when he pled guilty "does not affect whether the plea was a knowing waiver of his constitutional rights."[97] It is the Government's position that if the Court granted an evidentiary hearing to Hardnett, he would have the burden of showing "a reasonable probability that he would not have pled guilty had he known of *Rehaif*,"[98] and he "has not alleged sufficient facts to raise this constitutional issue."[99] The Government maintains "there was no *Rehaif* error in this case and, for that reason, all Hardnett's claims based on *Rehaif* are meritless."[100]

In his *Motion to Dismiss Superseding Bill of Information*, Hardnett claims his case is still pending.[101] The Government counters that Hardnett was convicted, sentenced, and is no longer able to appeal the judgment, which means his case is "no longer 'pending' within the meaning of Rule 12."[102] Further, Hardnett's claims that his sentence was illegal because it was outside the guidelines range are meritless because he stipulated that his

---

[94] Rec. Doc. 178, p. 2.
[95] *Id.* at p. 5.
[96] *Id.* at pp. 5–6.
[97] *Id.* at p. 7.
[98] *Id.* at p. 8 (quoting *United States v. Hicks*, 958 F.3d 399, 402 (5th Cir. 2020)).
[99] *Id.* at p. 9.
[100] Rec. Doc. 185, p. 1.
[101] Rec. Doc. 171, p. 1.
[102] Rec. Doc. 178, p. 3.

sentence was reasonable in his Plea Agreement.[103] Further, because the sentence in his plea was negotiated, it was "not based upon a calculation of the guidelines range."[104]

In response to Hardnett's claim that his plea was involuntary, the Government notes that the "Court held rearraignment on June 19, 2019, and it found 'the plea to be knowing, voluntary, and intelligent' and found a factual basis to support the plea."[105]

As to subject matter jurisdiction, the Government offers the following responses to Hardnett's arguments. First, the Government acknowledges that, under *United States v. London*,[106] enhancing a sentence for a violation of 18 U.S.C. 924(c) on top of a violation of 18 U.S.C. 922(g) would constitute a double-counting error.[107] However, Hardnett "has not shown any miscalculation,"[108] and his double counting claim is meritless because Hardnett was convicted of only one count of firearms possession. Count Four of the original *Indictment* charged a violation of 18 U.S.C. 924(c), use of firearm in furtherance of a drug trafficking crime, but the *Superseding Bill of Information* did not so charge, and Hardnett did not plead guilty under this statute.[109] Second, Hardnett's allegation that his sentence exceeds the statutory maximum is not a jurisdictional claim,[110] and it demonstrates a misunderstanding of how the time is calculated.[111] Specifically, "a sentence of imprisonment is understood to mean a sentence of incarceration; it does not mean supervision by a probation officer."[112]

---

[103] *Id.* at p. 10 (citing Rec. Doc. 109 at pp. 3–4).
[104] *Id.*
[105] *Id.* at p. 5 (quoting Rec. Doc. 108, p. 1).
[106] No. CR 15-83-SDD-EWD, 2019 WL 1216736 (M.D. La. Mar. 14, 2019).
[107] Rec. Doc. 178, p. 10
[108] *Id.*
[109] *Id.* at pp. 10–11.
[110] *Id.* at p. 12.
[111] *Id.* at p. 11.
[112] *Id.* (citing *Tapia v. United States*, 564 U.S. 319, 329 (2011)).

Third, Hardnett's real-party-in-interest claim is meritless because the Constitution refers to the country as both "the United States" and "the United States of America."[113] The Government maintains this argument has previously been "dismissed without much analysis as 'largely nonsensical.'"[114] Fourth, the Government argues that Hardnett's grand jury subpoena claim is meritless because it is "fatally conclusory;"[115] the Plea Agreement was based on the *Superseding Bill of Information*, making it an "intervening circumstance" that moots a grand jury challenge;[116] counsel was not constitutionally ineffective for his failure to object, and Hardnett has not "alleged plausible facts that show, if proven, that he would not have pled guilty but for this supposed error;"[117] and the claim does not affect the Court's jurisdiction in this case.[118]

Fifth, Hardnett's claim that his arrest and/or search warrants issued in this case were invalid is defective. The Government notes that Hardnett failed to specify what warrants he is attacking.[119] Only his arrest warrant is on the record,[120] and the guiding laws for arrest warrants do not require the judge to affix a seal to the warrant.[121] Hardnett does not support his claim with any authority that such an error would nullify the warrant.[122] In addition, "Hardnett has not plausibly alleged facts that, if proven, show that he would not have pled guilty but for such an error."[123] Moreover, this Fourth Amendment

---

[113] *Id.* at p. 13. (*See, e.g.,* U.S. CONST. pmbl.; U.S. CONST. art. I, § 1; U.S. CONST. art. II, § 1).

[114] *Id.* at pp. 12–13 (quoting *Cirineo v. United States*, No. 03 CIV. 6327 (RCC), 2005 WL 1214320 at *7 (S.D.N.Y. 2005)).

[115] *Id.* at p. 15 (The claim does not point to a specific subpoena or person, or "explain how it was issued without authority or served inappropriately.").

[116] *Id.*

[117] *Id.*

[118] *Id.*

[119] *Id.* at p. 16.

[120] *Id.* (*See* Rec. Doc. 5).

[121] *Id.* at p. 17 (citing 28 U.S.C. § 638(c); FED. R. CRIM. P. 4(b); FED. R. CRIM. P. 4.1; FED. R. CRIM. P. 41(d)–(f), and U.S. CONST. amend. IV).

[122] *Id.* at p. 18.

[123] *Id.* (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

claim may not be brought on collateral review, and it does not affect the Court's jurisdiction.[124]

Sixth, Hardnett's claim that the court lacks jurisdiction because the *Superseding Bill of Information* does not identify the firearm as a having a "smooth bore" fails because the *Bill* identifies the pistol by its make, model, and serial number—more information than would be required to "clearly inform[] the defendant of the precise offense of which he is accused so that he may prepare his defense and . . . permit the defendant to plead former jeopardy in a subsequent prosecution."[125] Here the "indictment stated specific enough facts so that he could present that defense based upon whether the bore of the barrel was smooth. . . . He does not even allege that the firearm in question did not meet the statutory definition."[126] Counsel committed no error, and Hardnett has not shown prejudice.[127]

Further, the Government contends Hardnett's final "jurisdictional" claim that the grand jury selection process was discriminatory, and he was not afforded the opportunity to challenge the venire and grand jurors, is meritless.[128] He does not allege "any facts regarding whether unlawful exclusion took place,"[129] let alone facts that would constitute prima facie proof of grand juror discrimination.[130] Moreover, this error would not invalidate a guilty plea to a *Superseding Bill of Information*.[131] Also, because "'[t]he focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the

---

[124] *Id.* at pp. 18–19.
[125] *Id.* at p. 19 (quoting *United States v. Uni Oil, Inc.*, 646 F.2d 946, 954 (5th Cir. 1981)).
[126] *Id.* at p. 20.
[127] *Id.*
[128] *Id.* at pp. 20–24.
[129] *Id.* at p. 21.
[130] *Id.* (quoting *Castenada v. Partida*, 430 U.S. 482, 494 (1977) (asserting three facts that need to be alleged to constitute prima facie proof)).
[131] *Id.* at p. 22.

existence . . . of an antecedent constitutional infirmity,'"[132] the scope of a lawyer's duty to investigate earlier constitutional errors is limited, especially as the effort to discover such constitutional defects would have had no effect on the outcome of the case.[133] Hardnett's "plea to a bill of information moots his claim, and, based on the facts alleged, counsel had no duty to investigate this error."[134]

As to Hardnett's claim that his counsel's refusal to withdraw the plea after the *Rehaif* decision was announced rendered his plea involuntary, the Government posits "it is not clear if this claim is cognizable."[135] Construing the claim as a supplement to his prior claim of ineffective assistance of counsel, which is a cognizable claim, the Government points out that Hardnett did not allege facts that would "overcome the presumption that his lawyer made a reasonable strategic decision not to file the motion to withdraw."[136] Moreover, "[a] motion to withdraw his guilty plea would have been doomed from the start so Hardnett cannot show prejudice,"[137] because "the superseding bill of information and the plea agreement included the element required by *Rehaif*."[138] As a result, the Government asserts that no evidentiary hearing is warranted on this issue and the § 2255 motion "should be summarily denied."[139]

The Government's response to Hardnett's counseled § 2255 motion focuses on three main arguments: the implied Fourth Amendment claim in the motion is waived by

---

[132] *Id.* (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).
[133] *Id.* at pp. 22–23.
[134] *Id.* at p. 23.
[135] Rec. Doc. 185, p. 2 (citing *United States v. Shaid*, 937 F.2d 228, 232, n. 7 (5th Cir. 1991) (en banc) (requiring a claim to allege "(1) an error of law that could not have been raised during direct review that results in a complete miscarriage of justice," or (2) errors of constitutional or jurisdictional magnitude.")).
[136] *Id.*
[137] *Id.* at p. 3.
[138] *Id.*
[139] *Id.* at p. 4.

the Plea Agreement, the claim is impermissibly vague, and the claim is not cognizable under *Stone v. Powell*.[140] First, Hardnett's Plea Agreement "specifically waives his right to file this § 2255 motion," and none of the exceptions to the clause apply to this motion.[141] "Hardnett's allegations, if true, show that the United States' case was weaker than he thought when he pled guilty. But misapprehending the strength of the United States' case does not invalidate his plea, even when he discovers new evidence."[142] The Government cites *Brady v. United States*,[143] *McMann v. Richardson*,[144] and *United States v. Ruiz*[145] as authority prohibiting a defendant from withdraw his guilty plea simply because new evidence shows the Government's case was weak, the attorneys were mistaken about the facts or the Court's judgment, or even if a defendant misapprehends the relevant circumstances.[146] "At its core, Hardnett's complaint is that there was strong impeachment evidence he could have used but was not able to obtain at the time."[147] The Government argues Hardnett's waiver of his right to collateral review forecloses this claim.[148]

The Government avers that a fair reading of the counseled motion reveals one argument: "that the new information regarding misconduct shows that the police officers involved in this case lacked credibility,"[149] which shows a lack of probable cause, which means Hardnett's search and arrest violated the Fourth Amendment.[150] The Government claims that, if this motion was a motion to suppress evidence before trial, the points would

---

[140] Rec. Doc. 190, pp. 1–2 (citing *Stone v. Powell*, 428 U.S. 465 (1976)).
[141] *Id.* at p. 4. (*See* Rec. Doc. 109, pp. 10–11).
[142] *Id.* at p. 5.
[143] 397 U.S. 742 (1970).
[144] 397 U.S. 759 (1970).
[145] 536 U.S. 622 (2002).
[146] Rec. Doc. 190, p. 6.
[147] *Id.* at p. 7.
[148] *Id.*
[149] *Id.* at p. 8.
[150] *Id.*

be well taken.[151] However, the Government contends that cases resolved by a guilty plea are not subject to an expectation that the Government "'must prove the reliability of their currently defamed law enforcement agents.'"[152] For relief to be granted on this claim, "Hardnett must show that the judgment must be vacated."[153] However, Hardnett does not allege facts to show how the alleged Fourth Amendment violation undermines the judgment, so "the claim should be denied as conclusory."[154] "When the allegations may lead in different directions … and require as-of-yet unstated factual allegations, then the claim should be denied as vague."[155] According to the Government, that is the case here.

Finally, the Government contends Hardnett's claim is not cognizable. Whereas constitutional claims are generally cognizable in a § 2255 motion,[156] there is an exception for Fourth Amendment claims.[157] "The Supreme Court has long held that Fourth Amendment claims in this situation cannot be raised during collateral review,"[158] because the exclusionary rule is meant to prevent misconduct, not to repair it.[159] "This rule applies to federal prisoners who bring claims under § 2255."[160] The Government argues that "the discovery of new evidence, even if that evidence shows a constitutional violation, does not defeat the *Stone* bar."[161] The Government notes that the "allegedly unavailable evidence in this case was impeachment material, not traditionally exculpatory

---

[151] *Id.*
[152] *Id.* at p. 9 (quoting Rec. Doc. 189-1, p. 3).
[153] *Id.* at p. 10.
[154] *Id.* at p. 11.
[155] *Id.* at p. 12.
[156] *Id.* (citing *Shaid*, 937 F.2d at 232).
[157] Rec. Doc. 190, p. 13.
[158] *Id.* (citing *Stone*, 428 U.S. at 494–95).
[159] *Id.*
[160] *Id.* (citing *United States v. Ishmael*, 343 F.3d 741, 742 (5th Cir. 2003)).
[161] *Id.* at p. 15.

evidence."[162] Hardnett provides no allegation that a particular person will testify that the affidavits were false in his case.[163] Instead, his argument is that the officer-affiants cannot be believed in any case because of the misconduct revealed in other cases, "particularly if the defendant is a black male."[164] The Government quotes the Tenth Circuit's conclusion that "[a] defendant is not deprived of a full and fair opportunity to litigate simply because he does not discover all potentially relevant evidence until after his suppression hearing."[165] Hardnett does not allege that the police department covered up the misconduct; "[r]ather, the allegations suggest that the only officials that knew of the misconduct were the officers in question."[166]

Disclosure of impeachment evidence is governed by the standard in *Giglio v. United States*[167] rather than the exculpatory evidence standard in *Brady v. Maryland*.[168][169] However, neither standard was triggered in this case because "there is no duty to disclose impeachment material or exculpatory evidence prior to a guilty plea,"[170] and because Hardnett does not allege facts to "show that the officers' misconduct in other cases was imputed to the prosecutor in this case."[171] This is because, "where the affected officers and prosecutors worked across state/federal lines, where no one other than the officers themselves had any idea of any impropriety, and where the misconduct evidence was unrelated to [the defendant's] own investigation—the principle of imputed knowledge

---

[162] *Id.* at p. 16.
[163] *Id.*
[164] *Id.*
[165] *Id.* at p. 18 (quoting *United States v. Van Lor*, 706 F.3d 1252, 1259 (10th Cir. 2013)).
[166] *Id.* at p. 19.
[167] 405 U.S. 150 (1972).
[168] 373 U.S. 83 (1963).
[169] Rec. Doc. 190, p. 19.
[170] *Id.* (citing *Ruiz*, 536 U.S. at 633; *Alvarez v. City of Brownsville*, 904 F.3d 382, 392 (5th Cir. 2018) (en banc)).
[171] *Id.* at p. 20.

cannot be said to apply."[172] The imputation rule in the Fifth Circuit indicates that the imputation limitations expressed in *Robinson* would likely be applied here.[173] Due to the paucity of Hardnett's allegations of misconduct in relation to his own case, because there is no duty to disclose impeachment evidence prior to a guilty plea, and because impeachment evidence "consisting of unrelated police misconduct is not imputed to the prosecutor," "there is no basis to suggest that Hardnett did not have a full and fair opportunity to raise his Fourth Amendment claim prior to his guilty plea."[174] As a result, his Fourth Amendment claims "are not cognizable in a § 2255 motion" or any other collateral attack of his conviction.[175] Thus, the Government argues a hearing is unwarranted, and the counseled motion should be denied.[176]

## III.    LAW & ANALYSIS

### A.    Section 2255 Standard

Under 28 U.S.C. § 2255, a federal inmate can file a motion to vacate, set aside, or correct their sentence if, "that sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The Fifth Circuit has stated that, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised in a direct appeal and would, if condoned,

---

[172] *Id.* at p. 21 (quoting *United States v. Robinson*, 627 F.3d 941, 952 (4th Cir. 2010)).
[173] *Id.* at p. 22 ("The prosecution is deemed to have knowledge of information readily available to it." *Williams v. Whitley*, 940 F.2d 132, 133 (5th Cir. 1991)).
[174] *Id.* at p. 23.
[175] *Id.*
[176] *Id.* at p. 24.

result in a complete miscarriage of justice." [177]

"When a § 2255 motion is filed, the district court must first conduct a preliminary review."[178] "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."[179] If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action.[180] After reviewing the government's response along with any other relevant materials, the court must determine whether an evidentiary hearing is warranted.[181]  An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[182] No evidentiary hearing is required, however, if the movant fails to produce any "independent indicia of the likely merit of [his] allegations."[183] For reasons set forth herein, no hearing is warranted on this motion based on the current record before the Court.

When a defendant has exhausted his right to appeal, his conviction and sentence are presumed to be fair and final.[184] Therefore, an issue raised for the first time in a motion pursuant to 28 U.S.C. § 2255 will be considered only if the defendant shows "cause" for his failure to previously raise the issue and "actual prejudice" resulting from the alleged error.[185] Vague or conclusory allegations are insufficient to raise a claim under 28 U.S.C.

---

[177] *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995).
[178] *United States v. Hutton*, No.16-184, 2020 WL 5517332, *2 (E.D. La. Sep. 14, 2020)
[179] Rules Governing § 2255 Proceedings, Rule 4(b).
[180] *Id.*
[181] Rules Governing § 2255 Proceedings, Rule 8.
[182] 28 U.S.C. § 2255(b).
[183] *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).
[184] *United States v. Frady*, 456 U.S. 152,164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)(en banc).
[185] *Frady*, 456 U.S. at 167-68; *Shaid*, 937 F.2d at 232.

§ 2255.[186]

The pleadings of a *pro se* prisoner litigant are reviewed under a less stringent standard than those drafted by an attorney and are provided a liberal construction.[187] Nevertheless, a *pro se* litigant is still required to provide sufficient facts to support his claims, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."[188] Accordingly, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertion on a critical issue in his *pro se* petition ... to be of probative evidentiary value."[189]

### B. Ineffective Assistance of Counsel

Most of Hardnett's claims fall under his general ineffective assistance of counsel claim. *Strickland v. Washington* articulates the standard for this claim.[190] In *Strickland*, the Supreme Court held that, to obtain relief, a defendant must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense.[191] A deficient performance is one in which the attorney's actions were unreasonable under prevailing professional norms.[192] A defendant must prove both prongs to succeed in an ineffective assistance of counsel claim.[193]

To prevail on the deficiency prong, a petitioner must demonstrate that counsel's conduct failed to meet the constitutional minimum guaranteed by the Sixth

---

[186] *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).
[187] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).
[188] *Pineda*, 988 F.2d 22 at 23 (5th Cir. 1993)(citing *United States v. Woods*, 870 F.2d 285, 288 n. 3 (5th Cir. 1989)).
[189] *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).
[190] *Strickland v. Washington*, 466 U.S. 668 (1984).
[191] *Id*. at 687.
[192] *Id*. at 688.
[193] *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997).

Amendment.[194] "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness."[195]    In analyzing counsel's performance, a reviewing court must take into account the reasonableness of counsel's actions under prevailing professional norms and in light of all of the circumstances.[196] The reviewing court must "judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."[197] Furthermore, a petitioner must overcome a strong presumption that defense counsel's conduct falls within a wide range of reasonable representation.[198] "[I]t is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight."[199]    With these principles in mind, federal habeas courts presume that trial strategy is objectively reasonable unless clearly proven otherwise.[200]

Prejudice occurs when there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different.[201] A reasonable probability is one that is sufficient to undermine confidence in the outcome.[202] Furthermore, "[t]he petitioner must 'affirmatively prove,' not just allege, prejudice."[203] This standard requires a "substantial," not just "conceivable," likelihood of a different result.[204]

---

[194] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[195] *Strickland*, 466 U.S. at 688.

[196] *Id*. at 689; *Carty v. Thaler*, 583 F.3d 244, 258 (5th Cir. 2009).

[197] *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)(quoting *Strickland*, 466 U.S. at 690).

[198] *Harrington v. Richter*, 562 U.S. 86, 104 (citing *Strickland*, 466 U.S. at 689).

[199] *Bell v. Cone*, 535 U.S. 685, 702 (citing *Strickland*, 466 U.S. at 689).

[200] *Strickland*, 466 U.S. at 689; *Johnson v. Dretke*, 394 F.3d 332, 337 (5th Cir. 2004)(counsel's "'conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness.'")(quoting *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)); *Geiger v. Cain*, 540 F.3d 303, 309 (5th Cir. 2008).

[201] *See United States v. Haese*, 162 F.3d 359, 364 (5th Cir. 1998).

[202] *Strickland*, 466 U.S. at 694.

[203] *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 693).

[204] *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

In making this determination as to prejudice, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial."[205] Thus, conclusory allegations of ineffective assistance of counsel, with no showing of effect on the proceedings, do not raise a constitutional issue sufficient to support federal habeas relief.[206]

### C.  Knowing, Voluntary Guilty Plea and Waivers

As a preliminary matter, Hardnett waived his right to collaterally attack his conviction and sentence in his Plea Agreement.[207] "[A] defendant may waive his right to direct appeal and collateral attack of a conviction and sentence by means of a plea agreement, so long as the waiver is both knowing and voluntary."[208] "A defendant knowingly and voluntarily enters a waiver when the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances—even though the defendant may not know the specific detailed consequences of invoking it."[209]

"When a petition does not allege, and the record contains no indication that ratification of the plea agreement was not 'voluntary' or knowledgeable, the Court will hold the defendant to the bargain that he made-the Court need not presume that the waiver

---

[205] *Crockett v. McCotter*, 796 F.2d 787, 793 (5th Cir. 1986).

[206] *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)(citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)).

[207] Rec. Doc. 109, p. 10: "Except as otherwise provided in this section, the defendant hereby expressly waives the right to appeal his conviction and sentence, including any appeal right conferred by 28 U.S.C. 1291 and 18 U.S.C. 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under 28 U.S.C. 2241, 28 U.S.C. 2255, or 18 U.S.C. 3582(c)(2).  This waiver applies to any challenge on appeal or in any post-conviction proceeding to any aspect of the defendant's sentence, including imprisonment, fine, special assessment, restitution, forfeiture, or the length and conditions of supervised release or probation."

[208] *United States v. Potter*, No. 13-141, 2015 WL 3486446, at *1 (E.D. La. June 1, 2015) (Feldman, J.).

[209] *Id.* (citing *United States v. Ruiz*, 536 U.S. 622, 630 (2002)).

was ineffective."[210] Additionally, "when the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal."[211] As the Supreme Court has stated, "[s]olemn declarations in open court carry a strong presumption of verity."[212]

Nevertheless, guilty pleas must be "voluntary," with attendant waivers having been made "'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'"[213] A plea is knowing and intelligent when the defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process."[214] In determining whether a plea is knowing and intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect."[215] In *Boykin v. Alabama*,[216] the Supreme Court held that courts must hold a hearing prior to the entry of a guilty plea, and the court must elicit an affirmative showing that the decision to plead guilty was voluntarily and intelligently made.[217] Rule 11 of the Federal Rules of Criminal Procedure sets forth

---

[210] *United States v. Potter*, No. 13-141, 2015 WL 3486446, *1-2 (E.D. La. June 1, 2015)(citing *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002); *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)(citing *McKinney*, 406 F.3d at 746).
[211] *United States v. Portillo*, 18 F.3d 290, 292–93 (5th Cir.1994); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005); *Bond*, 414 F.3d at 544.
[212] *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).
[213] *United States v. Ruiz*, 536 U.S. 622, 629 (2002)(quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).
[214] *Bousley v. United States*, 523 U.S. 614, 628 (1998).
[215] *Taylor v. Whitney*, 933 F.2d 325, 329 (5th Cir.1991).
[216] 395 U.S. 238 (1969).
[217] *Matthew v. Johnson*, 201 F.3d 353, 368 n. 22 (5th Cir. 2000).

procedural safeguards for assuring that guilty pleas are entered voluntarily and knowingly by requiring "a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant."[218] "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them."[219]

Determining whether a defendant understands the consequences of his guilty plea, including the waiver of his right to appeal, does not require a trial court to determine that the defendant has a perfect understanding of the consequences; the court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea.[220] A court's adherence to the colloquy required by Rule 11 provides "prophylactic protection for the constitutional rights involved in the entry of a guilty plea."[221] "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged. As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences."[222]

The first time Hardnett challenges the voluntariness of his guilty plea is in his *Reply* to the Government's *Opposition* to his initial *Motion*. Regarding voluntariness, Hardnett argues: "Even though Defendant signed a 11(c)(1)(C) Plea unwillingly by the advise (sic) of his Counsel, But because of Defend Counsel unprofessional that lead to this

---

[218] *United States v. Vonn*, 535 U.S. 55, 62 (2002).
[219] *Id*. at 78 (Stevens, J., concurring).
[220] *See United States v. Gracia*, 983 F.2d 625, 627–28 (5th Cir.1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea").
[221] *Id*. at 627.
[222] *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir.1990).

involuntary plea."[223]   However, Hardnett's sworn statements to the Court under oath at his rearraignment hearing belie this claim.

In considering Hardnett's current *Motions*, the Court listened to the audio recording of Hardnett's rearraignment hearing of June 19, 2019.  At the beginning of the hearing, Hardnett was sworn and reminded what it meant to be "under oath."  The Court first inquired about Hardnett's *Waiver of Indictment*,[224] and Hardnett confirmed that he agreed to waive indictment after discussing what this meant with his attorney.  The Court found, based on Hardnett's responses to the Court's question, that Hardnett knowingly and voluntarily waived indictment.[225] The Assistant United States Attorney authenticated the Plea Agreement and read the Factual Basis into the record.  The Court asked Hardnett if the Factual Basis as read was true and correct, to which Hardnett answered affirmatively.[226]  At several points during this hearing, the Court asked Hardnett if he had discussed an issue with counsel; each time Hardnett affirmed that he had.  At no time did Hardnett express dissatisfaction with counsel or that he failed to understand any part of the Plea Agreement or hearing.  The Court also explained that, if it accepted the Plea Agreement, Hardnett would not be sentenced based on calculation of the sentencing guidelines; rather, the Court would impose the 111-month sentence to which the parties agreed in the Plea Agreement.   Hardnett affirmed that he understood this.   At the conclusion of this hearing, the Court accepted both Hardnett's guilty pleas and the Plea

---

[223] Rec. Doc. 169, p. 5.  The Court quoted Hardnett's pleading as written, without correction.
[224] Rec. Doc. 103.
[225] 6/19/19 Audio recording of Hardnett Rearraignment Hearing, at 9:37:59-9:39:21.
[226] *Id.* at 9:57:48.

Agreement, and the Court found, based on Hardnett's sworn statements to the Court, that his guilty plea was knowing and voluntary.[227]

Based on the above jurisprudence, Hardnett's "[s]olemn declarations in open court carry a strong presumption of verity."[228]  Indeed, the Fifth Circuit has held that a "signed … unambiguous plea agreement … is accorded great evidentiary weight."[229]  Further, as the Fifth Circuit expressed in *United States v. Cothran*, "we give the statements during the [Rule 11] colloquy greater weight than we give unsupported, after-the-fact, self-serving revisions."[230]  Hardnett has presented no countervailing evidence to undermine the voluntariness of his plea; his conclusory, after-the-fact assertions bear no evidentiary weight.  Hardnett's claim that his guilty plea was involuntary is without merit and dismissed.  The Court will address the *Rehaif* claim as it pertains to voluntariness, below.

### D.  Double-Counting Claim

Hardnett claims his counsel performed ineffectively, and his plea was involuntary because of a miscalculation of the guidelines.[231] However, Hardnett was not sentenced pursuant to a guidelines calculation; thus, he cannot show that his counsel's performance was ineffective on this issue. Hardnett and the Government negotiated a Rule 11(c)(1)(C) sentence of 111 months, which the Court accepted.  The jurisprudence on which Hardnett relies is easily distinguishable because Hardnett was not convicted of a violation of 18 U.S.C. § 924(c).[232] Accordingly, Hardnett's double-counting claim is not cognizable, is without merit, and is dismissed.

---

[227] *Id.*, generally.
[228] *Blackledge*, 431 U.S. at 73–74.
[229] *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).
[230] 302 F.3d 279, 284 (5th Cir. 2002).
[231] Rec. Doc. 178, p. 10.
[232] *United States v. London*, 2019 WL 1216736, at *2.

### E.  Statutory Maximum Claim

Hardnett claims his counsel was ineffective because he permitted Hardnett to plead to a sentence that exceeds the statutory maximum, which deprives this Court of jurisdiction.[233] Hardnett alleges that the maximum sentence under 18 U.S.C. § 922(g)(1) is 120 months, and he received a 111-month sentence plus four years of supervised release.[234]   This claim lacks merit because imprisonment and supervision are categorically different. The Government correctly argues that a sentence of imprisonment is understood to mean a sentence of incarceration; it does not mean supervision by a probation officer.[235] The Supreme Court stated in *U.S. v. Johnson* that "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime…."[236] Supervised release comes after imprisonment, and the time spent in incarceration does not contribute to the time on supervised release.  Accordingly, Hardnett's statutory maximum claim lacks merit and is dismissed.

### F.  *Rehaif* Claim

Hardnett argues his counsel was ineffective for failing to raise a *Rehaif* claim prior to his plea, and Hardnett did not know he fell into the category of persons to whom 18 U.S.C. § 922(g) applies. However, the express admissions in the Plea Agreement foreclose this argument because Hardnett admitted that he knew he had been previously convicted of a felony.[237]

---

[233] *Id.* at p. 11.
[234] *Id.*
[235] *Id.*
[236] *U.S. v. Johnson*, 529 U.S. 53, 57 (2000).
[237] *See* Rec. Doc. 109, p. 5.

Additionally, the Fifth Circuit has held that "there is no general duty on the part of defense counsel to anticipate changes in the law, and that counsel is not ineffective for failing to raise a claim that…courts have rejected repeatedly."[238] Furthermore, "'absent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.'"[239] Moreover, the facts of *Rehaif* are easily distinguished from Hardnett's case. In *Rehaif*, a foreign national whose student visa was revoked, and who did not know this fact would preclude him from shooting rented firearms at a gun range, is not subject to the same expectation of knowledge as someone with multiple convictions should possess. At his rearraignment hearing, Hardnett acquiesced to the Factual Basis, which included his convicted felon status, and he stipulated to the same in the Plea Agreement. Accordingly, Hardnett's *Rehaif* claim lacks merit and is dismissed.

### G. Real-Party-In-Interest Claim

Hardnett argues that the real party in interest in this case is not the "United States of America" but the "United States."[240] This argument is frivolous. The United States of America is a valid name for the party in interest in this case for the reasons explained by the Government. The Government, relying on Supreme Court jurisprudence, states that the terms are interchangeable because the drafters of the Constitution used these terms interchangeably.[241] For this claim to violate the Due Process Clause of the Fifth

---

[238] *Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997).
[239] *United States v. Burns*, 433 F.3d 442, 449 (5th Cir. 2005) (quoting *Brady v. United States*, 397 U.S. 742, 757 (1970)).
[240] Rec. Doc. 178, p. 13.
[241] *Id.*

Amendment, the governmental action must "violate those fundamental conceptions of justice which lie at the base of our civil and political institutions and which define the community's sense of fair play and decency."[242] The statutes and jurisprudence cited by Hardnett do not support his claim that use of "the United States of America" invalidates Government documents. This claim is not cognizable, is without merit, and is dismissed.

### H.  Grand Jury Claims

Hardnett's grand jury claims are without merit for several reasons.  First, it is well-settled law that objections to the composition of a grandy jury are governed by the rule requiring a motion *before trial*.[243]  The Fifth Circuit held in *Bustillo v. U.S.* that, where a defendant did not object before trial, or at any other time during proceeding on the merits, to the composition of the grand jury, failure to do so constituted a wavier, and he could not assert this objection for the first time by a  § 2255 motion.[244]  Additionally, any  grand jury challenges were waived by Hardnett when he pled guilty pursuant to a *Superseding Bill of Information*.   The Fifth Circuit holds that, once a defendant pleads guilty to a superseding bill of information that supersedes the indictment, any alleged deficiencies relating to the indictment are irrelevant.[245] Finally, the substance of Hardnett's grand jury

---

[242] *Id.* at pp. 13-14 (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)).

[243] *Bustillo v. U.S.*, 421 F.2d 131, 132 (5th Cir. 1970)("Objections to the composition of a grand jury are governed by Rule 12(b)(2) of the Federal Rules of Criminal Procedure. *Shotwell Manufacturing Company v. United States*, 1963, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357. Rule 12(b)(2) provides that a defect in the indictment must be objected to by motion before trial and that failure to object at that time waives such a defense.")(emphasis added).

[244] *Id.*

[245] *United States v. Gaudet*, 81 F.3d 585, 590 (5th Cir.1996) (holding that if defendant pleads guilty to bill of information that supersedes the indictment, his failure to understand indictment is irrelevant); *see also United States v. Hall*, 2021 WL 4989884, at * 5 (E.D. La. Oct. 27, 2021)("And even if his case had never been presented to a grand jury, that is not a basis for an ineffective assistance of counsel claim, given that Hall signed a written waiver of indictment after the Court advised him during his rearraignment hearing of his right to prosecution by indictment."); *United States v. Joseph*, No. 16-91, 2019 WL 2469679, at *3 (E.D. La. June 13, 2019) ("Documents signed by the defendant at the time of the guilty plea are entitled to 'great evidentiary weight.'" (quoting *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994)).

claims is foreclosed as discussed in *Aldridge v. United States*[246] because all of Hardnett's "assertions of ineffective assistance of counsel surrounding the grand jury process are mere conclusory allegations that do not raise a meritorious issue in a habeas corpus case."[247]  Hardnett's grand jury claims are dismissed.

### I.  Warrants Claim

Hardnett alleges the arrest warrant and/or search warrants issued in this case were invalid because they did not contain the official seal required by 28 U.S.C. § 638.[248] First, Hardnett's fails to identify what warrants he is challenging. The Government notes that the arrest warrant is the only warrant in the record.[249]

Further, under *United States v. Robinson,* a claim has sufficient factual allegations if the defendant has pled "specific facts upon which the district court could determine the merits" of his allegations.[250] Hardnett did not direct the Court to a single case or statute to support his proposition that a seal must be affixed to a warrant.  Hardnett claims 28 U.S.C. § 638(c) establishes such a requirement.  The text of 28 U.S.C. § 638(c) provides the following regarding magistrate judges: "Each such officer shall affix his seal to every jurat or certificate of his official acts without fee."  As the Government correctly states, "This is not a requirement that all jurats and certificates be issued with a seal. Rather, it directs magistrate judges not to charge a fee when they issue jurats and certificates with a seal."[251]  Finally, Hardnett's reliance on a Pennsylvania state court decision is irrelevant to this motion.[252]

---

[246] 2014 WL 12819626, at *6-7 (W.D. Tex. Mar. 24, 2014).
[247] *Id.* at *6.
[248] Rec. Doc. 171, p. 4.
[249] Rec. Doc. 178, p. 16.
[250] *United States v. Robinson*, 55 F.3d 632, 1995 WL 313945, at *2 (5th Cir. 1995)(citation omitted).
[251] Rec. Doc. 178, p. 17 (citing *United States v. Groover*, No. 13-80038-CR, 2014 WL 12908210, at *1 (S.D. Fla. 2014).
[252] *See* Rec. Doc. 171, p. 4 wherein Hardnett cites the inapposite case *Com. v. McAfee*, 326 A.2d 522, 522–523 (Pa. Super. Ct. 1974).

**J. "Smooth Bore" Claim**

Hardnett claims his counsel was ineffective, the Due Process Clause was violated, and this Court lacked jurisdiction over this matter because the *Superseding Bill of Information* did not describe the firearm he possessed as having a "smooth bore."[253]  This claim is meritless. Under Fed. R. Crim. P. 7(c)(1), an indictment or information must contain "the essential facts constituting the offenses charged." The Supreme Court holds that a charging document is sufficient if it "first ... contains the elements of the offenses charged and fairly informs a defendant of the charge against which he must defend, and, second ... enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."[254] The *Superseding Bill of Information* described the firearm Hardnett possessed as "a firearm, that is, an HS Products Springfield Armory, model XD-9, 9mm caliber pistol, bearing serial number US150633."[255] The Court finds this description sufficient to place Hardnett on notice of what he must defend. Further, Hardnett has failed to carry his burden of demonstrating that the description "smooth bore" was required to satisfy due process.  Hardnett argues his rights were violated because the firearm's description did not comply with 28 U.S.C. § 5845(e), which provides:

> (e) Any other weapon.--The term "any other weapon" means any weapon or device capable of being concealed on the person from which a shot can be discharged through the energy of an explosive, a pistol or revolver having a barrel with a smooth bore designed or redesigned to fire a fixed shotgun shell, weapons with combination shotgun and rifle barrels 12 inches or more, less than 18 inches in length, from which only a single discharge can be made from either barrel without manual reloading, and shall include any such weapon which may be readily restored to fire. Such term shall not include a pistol or a revolver having a rifled bore, or rifled

---

[253] Rec. Doc. 171, p. 4.
[254] *United States v. Resendiz–Ponce*, 549 U.S. 102, 108, 127 S.Ct. 782, 166 L.Ed.2d 591 (2007) (quotations omitted).
[255] Rec. Doc. 102, p. 1.

bores, or weapons designed, made, or intended to be fired from the shoulder and not capable of firing fixed ammunition.

This provision simply explains the characteristics of what "any other weapon" charged might include. It does not require the words "smooth bore" to appear in the description of the firearm in a charging instrument. Hardnett's challenge to the firearm description is without merit and is dismissed.

### K. Appeal Claim

Hardnett claims his counsel failed to communicate with him regarding his desire to file an appeal. In *Roe v. Flores–Ortega*,[256] the Supreme Court held that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."[257] Further, under these circumstances, the defendant is not required to "specify the points he would raise were his right to appeal reinstated."[258] Rather, prejudice is presumed, and the defendant may file an untimely appeal.[259]

The Court is persuaded by the reasoning and analysis in the decision of its sister court in *United States v. Asad*, wherein the petitioner asserted various § 2255 claims, including the claim that the petitioner asked his counsel to file an appeal, and counsel disregarded this request.[260] The court cited to *Flores–Ortega*, but noted that Asad's plea agreement rendered this "straightforward analysis … complicated" because Asad generally waived his right to appeal or collaterally attack his conviction or sentence, except only for appealing a sentence exceeding the statutory maximum, and to

---

[256] 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).
[257] *Id.* at 477.
[258] *Id.* at 485 (quoting *Rodriquez v. United States*, 395 U.S. 327, 330, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969)).
[259] *Id.* at 483–85; *see also United States v. Tapp*, 491 F.3d 263, 266 (5th Cir.2007).
[260] No. 12-127, 2014 WL 1329937, at *3 (E.D. La. Apr. 2, 2014).

collaterally attack his conviction or sentence based on ineffective assistance of counsel.[261]   The *Asad* court described these complications as "two conundrums: First, does the rule of *Flores–Ortega* still apply even though Asad waived his right to appeal? And second, even if it does apply, does Asad's waiver of his collateral challenge rights bar him from bringing a collateral challenge based on *Flores–Ortega* in the first place?"[262]

The court acknowledged that the Fifth Circuit's holding in *United States v. Tapp* answered the first question in the affirmative; the *Tapp* court held that the failure to file a requested appeal is *per se* ineffective assistance of counsel.[263]   Turning to the second question, the *Asad* court found this answer "murkier"[264] since Asad was not arguing that his counsel's performance affected the validity of his waiver or his plea; rather, he was arguing that counsel was ineffective *after* he was sentenced.[265] However, the *Asad* court further discussed *Tapp*, wherein that petitioner had also waived collateral attack and direct appeal rights, noting that *Tapp* held "'that the rule of *Flores–Ortega* applies even where a defendant has waived his right to direct appeal and collateral review.'"[266]   The *Asad* court discussed other circuits' criticism of *Tapp* but ultimately determined that, "*Tapp* is binding precedent, and this Court must follow it."[267]

---

[261] *Id.*

[262] *Id.*

[263] *Id.* (citing *Tapp*, 491 F.3d at 265-66).

[264] *Id.* at *4.

[265] *Id.*

[266] *Id.* (quoting *Tapp*, 491 F.3d at 266; *see also United States v. Higgins*, 459 F. App'x 412, 412–13 (5th Cir.2012) (applying *Tapp*)).

[267] *Id.* at *5 ("The Fifth Circuit has repeatedly held that, when a district court rules on a section 2255 motion, it may not decide '[c]ontested factual issues ... on the basis of affidavits alone unless the affidavits are supported by other evidence in the record.' *United States v. Pena–Gravito*, 539 F. App'x 506, 506 (5th Cir.2013) (citing *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir.1981)); *accord United States v. Jolley*, 252 F. App'x 669, 670–71 (5th Cir.2007); *Hughes*, 635 F.2d at 451.").

The *Asad* court turned to the merits of Asad's claim and stated that "[t]he only items of evidence in the record on this issue are two affidavits, one from Asad and one from Chaney [Asad's counsel]. Asad states that he asked Chaney to appeal, and Chaney ignored him. Chaney states that Asad never expressed a desire to appeal and that he would have appealed if Asad had so requested."[268]  Based on this "dueling evidence," the court concluded that an evidentiary hearing was required under 28 U.S.C. § 2255(b) and Fifth Circuit precedent.[269]

In the present case, Hardnett has made only conclusory allegations that his counsel ignored his attempts at communication and his request to file an appeal.  Indeed, Hardnett has filed no exhibits to the pending  § 2255 motions; thus, he has failed to produce any "independent indicia of the likely merit of [his] allegations."[270]  Under Fifth Circuit precedent, "[v]ague, conclusory, and attenuated allegations - on their own - cannot articulate a claim under 28 U.S.C. § 2255."[271] Hardnett argues that after he discovered the *Rehaif* decision, he asked his "lawyer to take my plea back … and [his] lawyer refused[.]"[272]  Hardnett further asserts that on the date he was sentenced,

> the same day I was trying to call my lawyer the whole week after my sentence to talk about doing my appeal, and for him to come see me, but he never came or returned my mother's calls.  You can check the phone records at [the prison], during those times to verify what I am telling you is true.[273]

---

[268] *Id.* (footnotes omitted).
[269] *Id.*
[270] *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).
[271] *Delgado v. United States*, Civil Action No. L-09-05, Criminal Case No. L-06-111-1,  2010 WL 582551, at *6 (citing *United States v. Martinez*, 181 F.3d 627, 629 (5th Cir.1999); *see also United States v. Pineda*, 988 F.2d 22, 32 (5th Cir.1993) (per curiam) (noting that "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue"); *In re Grand Jury Subpoena*, 419 F.3d 329, 336 (5th Cir.2006) (stating that allegations in pleadings are not evidence)).
[272] Rec. Doc. 179, p. 1.
[273] *Id.* at pp. 1-2.

But these statements are not evidence before the Court. The Fifth Circuit has explicitly held that allegations in pleadings are not evidence.[274]  Further, it is incumbent on Hardnett to submit evidence to support his claims; the Court does not solicit the evidence a petitioner offers as support.

Nevertheless, mindful of the principles set forth in *Tapp*, the Court will deny Hardnett's *Motion* on the allegation of ineffective assistance of counsel in failing to take an appeal without prejudice to Hardnett's right to renew such claim with supporting evidence.  At present, this claim is dismissed without prejudice.

### L.  Newly Discovered Impeachment Evidence Claim

Finally, counsel enrolled on behalf of Hardnett to assert a claim regarding newly discovered impeachment evidence.  However, the law contradicts Hardnett's arguments regarding this claim.  In *United States v. Bagley*, the Supreme Court held "that, for *Brady* purposes, it had rejected any distinction between impeachment evidence and other exculpatory evidence.[275] In *Brady*, "the Supreme Court held that 'the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution.[276] To succeed under *Brady*, Hardnett must show that "(1) the report was not disclosed, (2) it contained evidence favorable to his defense, and (3) that evidence was material."[277] The Fifth Circuit held that, "[i]n assessing materiality of undisclosed impeachment evidence, '[the court] must consider the nature of the

---

[274] *In re Grand Jury Subpoena*, 419 F.3d at 336.
[275] *Wilson v. Whitley*, 28 F.3d 433, 437 (5th Cir. 1994).
[276] *Id.* at 435.
[277] *Id.*

impeachment evidence improperly withheld and the additional evidence of the defendant's guilt independent of the disputed testimony.'"[278]

Here, Hardnett asserts a Fourth Amendment challenge to the Plea Agreement based on impeachment evidence discovered after Hardnett's case was closed. The Supreme Court held in *United States v. Ruiz*, "that 'the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant.'"[279] The Court reasoned that "impeachment information was not 'critical information of which the defendant must always be aware prior to pleading guilty.'"[280] Jurisprudence from the Supreme Court, the Fifth Circuit, and other circuits "does not affirmatively establish that a constitutional violation occurs when *Brady* material is not shared during the plea bargaining process."[281]

The decision in *U.S v. Robinson* offers the Court persuasive authority because the facts therein are fairly analogous to Hardnett's claims.[282] In *Robinson*, the defendant argued that the prosecution suppressed police misconduct; thus, he deserved a new trial.[283] The defendant argued that, because the police were working on the prosecutor's behalf, the prosecutor violated his duty of disclosure even though the prosecutor was unaware of the police misconduct.[284] However, the Fourth Circuit disagreed with this broad scope of *Brady's* imputed knowledge doctrine.[285] Accepting the defendant's view would "impose unacceptable burdens on prosecutors and the police."[286] Although the

---

[278] *Id.* at 439 (quoting *United States v. Weintraub*, 871 F.2d 1257, 1262 (5th Cir. 1989)).
[279] *Alvarez v. City of Brownsville*, 904 F.3d 382, 392 (5th Cir. 2018) (quoting *Ruiz*, 536 U.S. at 633).
[280] *Id.* (quoting *Ruiz*, 536 U.S. at 630).
[281] *Id.* at 394.
[282] *U.S. v. Robinson*, 627 F.3d 941 (4th Cir. 2010).
[283] *Id.* at 951.
[284] *Id.* at 951-952.
[285] *Id.* at 952.
[286] *Id.*

Court acknowledges that *Robinson* is a Fourth Circuit decision that does not involve a plea agreement, the *Robinson* court's discussion about police misconduct being imputed to prosecutors is relevant to the instant case. Here, the prosecutor was unaware of the police misconduct before the Plea Agreement was signed; thus, the misconduct is not imputed to the prosecutor. Further, the Government is not required to disclose material impeachment evidence prior to entering a guilty plea. As stated previously, a wealth of jurisprudence supports this principle.  Finally, Hardnett has offered no facts or evidence to demonstrate that this police misconduct in any way affected his arrest.  Accordingly, this claim is without merit and is dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Hardnett's pending *Motions* are DENIED.  Hardnett's claims are either not cognizable or substantively without merit. Generally, the issues raised by Hardnett appear to be "simply an exhaustive laundry list of complaints with no factual or legal support."[287] As to the ineffective assistance of counsel claims, Hardnett has failed to demonstrate that, but for any attorney errors, the outcome of his case would have been any different. As to Hardnett's unsupported contentions, the "presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."[288]  Hardnett has provided no evidence in support of his claims and, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertion on a critical issue in his *pro se* petition ... to

---

[287] *Lira v. United States*, 2011 WL 13352088, at *14 (W.D. Tex. May 18, 2011).
[288] *Blackledge*, 431 U.S. at 74.

be of probative evidentiary value."[289]  "The petitioner must 'affirmatively prove,' not just allege, prejudice," and Hardnett has failed in this regard.

Accordingly, Hardnett's *Motions to Vacate under 28 U.S.C. 2255*[290] are DENIED. However, as stated above, the Court will deny without prejudice Hardnett's claim that he received ineffective assistance of counsel in taking an appeal; all other claims asserted are dismissed with prejudice. Hardnett is granted leave to file an amended § 2255 motion, in accordance with this ruling, on or before May 19, 2023.  If no motion is filed within this deadline, the Court will convert the dismissal of this claim to a dismissal with prejudice.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 29th day of March, 2023.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[289] *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).
[290] Rec. Docs. 130, 171, & 189.