UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                              CRIMINAL ACTION NO.

VERSUS                                                                      17-161-SDD-EWD

KENDRICK HARDNETT

### RULING

This matter is before the Court on a *Motion for Sentence Reduction Pursuant to* 18 U.S.C. § 3582(c) filed by Defendant, Kendrick Hardnett ("Defendant").[1] The Government opposes this motion.[2] For the following reasons, the motion is denied for lack of jurisdiction.

Defendant is currently in a residential reentry program following entering guilty pleas to possession of a firearm by a convicted felon and possession with intent to distribute marijuana and 28 grams or more of crack. His projected release date is December 30, 2024.[3] The Defendant now moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), claiming his family circumstances constitute "extraordinary and compelling" reasons to reduce his sentence.[4]

The Government asserts that the Defendant has failed to exhaust his administrative remedies. As such, the threshold issue is whether the Court has authority to consider the Defendant's motion.

The compassionate release statute states in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that ... the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of

---

[1] R. Doc. 180.
[2] R. Doc. 203.
[3] *See* BOP Inmate Locator at https://www.bop.gov/inmateloc/ (last visited February 13, 2024).
[4] R. Doc. 180.

>imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ....[5]

The statute therefore provides two routes whereby a defendant's motion can be brought properly before the court. Both routes begin with the defendant requesting that "the Bureau of Prisons" "bring a motion on the defendant's behalf."[6]

As clarified by the Court in *United States v. Franco*,[7] the statute's language is mandatory. Congress has commanded that a "court *may not* modify a term of imprisonment" if a defendant has not filed a request with the BOP.[8]

Here, the defendant submitted his compassionate release request to the warden of his facility who received the request on February 24, 2021.[9] The defendant filed his Motion for Compassionate release in this Court on March 24, 2021, only 28 days later. The Fifth Circuit has been clear that defendants have two options to exhaust prior to bringing a motion for compassionate release: (1) full exhaustion of administrative rights to appeal OR (2) lapse of 30 days from the receipt of such a request by the warden of the defendant's facility.[10] Here, the Defendant did not fully exhaust, nor did he wait the required thirty days prior to filing his request directly with this Court. Accordingly,

---

[5] 18 U.S.C. § 3582(c)(1)(A)(i).
[6] *Id.*
[7] No. 20-60473, 2020 WL 5249369, at *1 (5th Cir. Sept. 3, 2020).
[8] *See* 18 U.S.C.§ 3582(c) (emphasis added).
[9] The Court presumes, without deciding, that the request submitted by the defendant was sufficient to be considered an "initial step" under § 3582(C)(1)(A).
[10] *See United States v. Garrett*, 15 F.4th 335 (5th Cir. 2021).

**IT IS ORDERED** that the Defendant's motion for compassionate release[11] is **DENIED WITHOUT PREJUDICE** for lack of jurisdiction, subject to refiling if Defendant exhausts his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).

Baton Rouge, Louisiana, this 15th day of February, 2024.

_____
SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[11] R. Doc. 180.